IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| HARVEY BRAMLETT, JR., PRO SE, TDCJ-CID No. 416448, | § § § | |
| Plaintiff, | § § | |
| v. | § | 2:10-CV-0238 |
| DOUGLAS WOODBURN and CAROLINE WOODBURN, | § § § § § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Plaintiff HARVEY BRAMLETT, JR., acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed in accordance with Title 28, United States Code, section 1915(b).

By his November 23, 2010 Amended Complaint, plaintiff claims former Judge Abe Lopez, now retired, improperly dismissed plaintiff's civil case, cause no. 97015-00-E in the 108th Judicial District Court of Potter County, on December 28, 2008, as frivolous for failure to comply with Chp. 14, when plaintiff had, in fact, fully complied with Chp. 14. Plaintiff goes on to state that defendant WOODBURN is Judge Lopez' successor. Plaintiff also claims defendant District Clerk CAROLINE WOODBURN waited almost an entire year to send him notice of the dismissal, while allowing plaintiff to continue to forward numerous pleading to be filed in the case.

Plaintiff requests damages from defendant CAROLINE WOODBURN in her individual

capacity in the amount of $10,000.00, court costs, and the filing fee, and declaratory and injunctive relief declaring Chp. 14 was improperly and unconstitutionally applied in plaintiff's case, in violation of the First, Fifth, and Fourteenth Amendments, Separation of Powers, and the Supremacy Clause.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

# THE LAW AND ANALYSIS

**Defendant Judge Woodburn**

Plaintiff appears to have named Judge WOODBURN because he is Judge Lopez' successor; nevertheless, this provides no basis for liability under section 1983. Judge WOODBURN is in no sense liable for any act or omission by his predecessor. Consequently, plaintiff's claim against defendant Judge WOODBURN lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Further, even if Judge WOODBURN had erroneously dismissed plaintiff's suit himself, judges enjoy absolute immunity for judicial acts performed in judicial proceedings. *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 1217-18, 18 L.Ed.2d 288 (1967). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978)(quoting *Bradley v. Fisher*, 13 Wall (80 U.S.) 335, 351, 20 L.Ed. 646 (1872)). The action of which plaintiff complains clearly falls within the scope of acts protected by absolute immunity. Consequently, plaintiff's claim against defendant WOODBURN lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As part of his request for relief, plaintiff asks the Court to declare Chp. 14 was improperly and unconstitutionally applied in his case, in violation of unspecified First, Fifth, and Fourteenth Amendment rights, as well as the Separation of Powers and the Supremacy Clause. In effect, plaintiff is asking this Court to review the ruling of the state court. "[L]itigants may

not obtain review of state court actions by filing complaints about those actions in lower federal courts case in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986). Under the *Rooker-Feldman* doctrine, federal district courts are prohibited from reviewing or nullifying final state court judgments. *See*, *Union Planters Bank Nat'l Ann'n v. Salih*, 369 F.3c 457, 462 (5th Cir. 2004). Therefore, regardless of the identity of the defendant, plaintiff's claim for declaratory and injunctive relief lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**Defendant Potter County District Clerk Caroline Woodburn**

As to defendant District Clerk WOODBURN, plaintiff has only alleged facts sufficient to state a claim of negligence, nothing more. Section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on stairs); *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993) ("negligent medical care does not constitute a valid section 1983 claim."). Further, plaintiff has alleged no fact indicating District Clerk WOODBURN herself, and not some assistant clerk under her supervision, committed the alleged act or omission. The acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). For the foregoing reasons, plaintiff has failed to state a claim against defendant CAROLINE WOODBURN on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections

1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff HARVEY BRAMLETT, JR., be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

Plaintiff may utilize the period for filing objections in which to amend his pleading to cure his deficient claim against defendant CAROLINE WOODBURN or he may file objections to the Report and Recommendation.

IT IS SO RECOMMENDED.

ENTERED this 6th day of January, 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).